## Case No. 10,321.

### NORTHERN INDIANA R. CO. et al. v. MICHIGAN CENT. R. CO.

[5 McLean, 444.] [1]

Circuit Court, D. Indiana. 1853.

CORPORATIONS—WHERE AMENABLE TO PROCESS— NECESSARY PARTIES TO ACTION— LOCAL ACTION.

1. A corporation is not amenable to process, except in the state where its business is done.

2. A corporation in Indiana cannot sue, in that state, a corporation doing business in the state of Michigan.

3. Persons or corporations interested, must be made parties, especially where the object of the bill cannot be attained, without seriously affecting the interests of such persons or corporations.

4. When a subject is essentially local, as trespass on real estate, &c., the action must be brought in the state where the injury was done.

In equity.

Bronson & Denis, for plaintiffs.

Mr. Jay, for defendants.

OPINION OF THE COURT. This is an application for an injunction, due notice having been given to the defendants. The complainants in their bill represent that, under a charter granted by the state of Indiana, they surveyed and located a railroad through Northern Indiana, and that the route of that part of the Western division of said railroad, lying between Michigan City, in the county

of Laporte, and the western line of the state of Indiana, was duly surveyed and located, and the right of way therefor duly acquired; and that they are entitled to have the sole and exclusive occupancy of the lands acquired for that purpose. That a part of the lands so acquired consist of a strip of ground eighty feet in width, extending from Michigan City to the west line of the state, and that their railroad has been completed upon the whole of said route from Elkhart to Laporte, and from Michigan City to the west line of Indiana, on which their cars are now running for the transportation of passengers, &c. And the complainants aver that the Michigan Central Railroad Company, are a corporation created by, and doing business in the state of Michigan; that they were incorporated by an act of the legislature of the state of Michigan for the purpose of constructing a railroad from Detroit, in the state of Michigan, to some point in the same state upon Lake Michigan, accessible to steamboat navigation on the lake, and with authority to extend their railroad to the southern boundary of the state of Michigan; that said road has been constructed to New Buffalo, and thence to the northern line of the state, in the direction toward Michigan City, in the state of Indiana; and that they have extended their road to Michigan City. And the complainants allege that the New Albany & Salem Railroad Company is a corporation created by and under certain acts of the legislature of the state of Indiana, and doing business therein, and that it has no power or franchise to construct, or authorize the construction of any railroad whatsoever, except what is specified in certain statutes, &c. That on or about the 24th of April, 1851, the Michigan Central Railroad Company, and the New Albany & Salem Railroad Company, entered into a contract by which the Michigan Company claim the right to construct a railroad, by a route nearly parallel with the complainants' railroad from Michigan City to the western line of the state of Indiana. And that, in fact, the Michigan Company have constructed their road, or are about constructing it, in the immediate vicinity of the complainant's road, and several times crossing the same, all which is an infraction of the complainants' franchise; that they pass over the lands owned by complainants, which were purchased for the accommodation of their road; and they aver that the New Albany & Salem Company are not authorized by any act of the legislature, to build a road between Michigan City and the western line of the state, and they pray that the Michigan Central Company may be enjoined from making their road, and from running cars on the same, &c.

No answer has been filed to the bill, but the question comes up as on a demurrer. The bill is filed by a corporation in Indiana, against a corporation of Michigan and the question necessarily arises whether the

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

circuit court of the United States, sitting in Indiana, has jurisdiction in such a case. It is clear that a corporation cannot be sued out of the state in which it is established, and in which its corporate functions are exercised. The individuals of the corporation are liable to an action of trespass, if done out of the state where process is served, but as corporators they are responsible only in the state where the business of the corporation is done. The Michigan Central Railroad, in building the road from Michigan City to the western line of Indiana, claims to act under the contract made with the New Albany & Salem Company, which claims a right under its charter to make the road, and transferred the right to the Michigan Company. The bill asks an injunction against the Michigan Company in its corporate capacity, as in that capacity the contract was made, and the work complained of has been done. I know of no process which can reach a corporation of Michigan from the circuit court, sitting in Indiana. It is amenable to no process out of the state. The circuit court of the United States, sitting in a state, has no jurisdiction beyond the limits of the state, except in criminal cases subpoenas may be issued for witnesses throughout the United States. In every other particular, the federal court, acting in a state, is as limited in its jurisdiction as any state court, whose jurisdiction extends throughout the state. It seems to be very clear that the circuit court, sitting in Indiana, has no jurisdiction in this case, as presented by the bill. If the bill be filed in Michigan, against the Michigan Central Railroad Company, the circuit court, in a proper case, would have jurisdiction over the company. But such a procedure would give rise to another question, whether a court of chancery, in a case respecting the title to land, and particularly to restrain a right set up under the authority of the state of Indiana, could exercise jurisdiction while sitting in the state of Michigan. In the discussion, questions of a local character would necessarily arise, which could not, it would seem, be acted upon in Michigan.

But independently of this objection, there is another which, it appears to me, is fatal to the jurisdiction. The New Albany & Salem Railroad Company, is not made a party to this proceeding, and that company is materially interested in the case. The bill sets up that the charter of that company, does not extend north beyond Salem, and especially that it does not authorize the construction of a railroad from Michigan City to the western line of the state. It appears that the road from Michigan City west, has not only been constructed to the western line of the state, but it has been extended to Chicago, and is now in operation; and it also appears that a very large proportion of the railroad from Salem to Michigan City, has been built, and will soon be completed and in operation. It also appears the Michigan Company, in building the road from Michigan City to the

western line of Indiana, agreed to subscribe a half million of dollars to the road from Salem to Michigan City, which has not only been subscribed, but some part of it has been paid.

From the above facts, it appears that the New Albany & Salem Company is interested to the whole amount of its charter as claimed, from Salem to Michigan City, and thence to the western line of the state, and that more than a million of dollars have been expended on these lines of road. And yet the bill calls upon the court to act on this subject, and to decide, that the New Albany & Salem charter gives no authority to make a railroad from Michigan City to the western line of the state, and consequently the Michigan Company has no right to build the road under its contract. An injunction, as prayed for, would not involve the rights of the New Albany & Salem Company, to the extent of their charter as above stated, and money expended under it, but it would defeat the further payment of the subscription of half a million of dollars, to the road between Salem and Michigan City, by the Michigan Central Railroad Company. Upon the whole, I cannot grant the injunction.

If the complainants desire to bring the subject before the supreme court, by filing the bill in the Michigan circuit court of the United States, an answer or demurrer may be filed, and a decree, pro forma, entered, which will bring the case, without much delay, before the supreme court.

[NOTE. An appeal was taken to the supreme court from a decree of the Michigan circuit court dismissing the bill. Case not reported. This decree was affirmed upon the appeal. 15 How. (56 U. S.) 233.]